737 A.2d 1086

**STATE of Maryland**

v.

**Kevin Lamont BOLDEN.**

**No. 151, Sept. Term, 1998.**

Court of Appeals of Maryland.

Sept. 23, 1999.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for Petitioner.

Martha Weisheit, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL, and ROBERT L. KARWACKI (Retired, specially assigned), JJ.

KARWACKI, Judge.

The Eighth Amendment to the United States Constitution mandates: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." [1] In *Solem v. Helm*, 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637, 645 (1983), the Supreme Court held that this protection "prohibits not *only* barbaric punishment, but also

---

1. An analogous provision, Article 25 of the Maryland Declaration of Rights provides

"That excessive bail ought not to be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted, by Courts of Law."

The Eighth Amendment is binding upon the states by virtue of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

sentences that are disproportionate to the crime committed." (Emphasis added.)

In the instant criminal case Kevin Lamont Bolden, the petitioner, claims that the sentences imposed upon him by the Circuit Court for Caroline County violate the quoted Eighth Amendment guarantee.

## I.

On June 18, 1996, Officer Thomas Coughenour, while working in an undercover capacity as a member of the Caroline and Queen Anne County Narcotics Task Force, was approached on Main Street in Federalsburg, Caroline County, by Bolden who offered to sell him crack cocaine. Officer Coughenour purchased a quantity of the cocaine for $20.00. He then left the scene, told Officer Tull of the Federalsburg Police Department of what had occurred, and described the person who had sold him the controlled dangerous substance. Officer Tull determined that the person described was Bolden. This was confirmed later when Officer Coughenour selected Bolden's photograph from a police department file. Bolden was not arrested at that time.

On July 10, 1996, Officer Coughenour was again working in a covert capacity for the Narcotics Task Force. As he was driving through Federalsburg, he was hailed by Bolden who offered to sell him crack cocaine. Coughenour purchased a piece of crack cocaine for $20.00 and then told Bolden that he would be back in another 15 or 20 minutes to make another purchase of cocaine. Officer Coughenour returned in 20 minutes and purchased another piece of crack cocaine from Bolden for $20.00. Thereafter Bolden was placed under arrest for distributing crack cocaine.

Subsequently, Bolden was accused in two criminal informations filed in the Circuit Court for Caroline County. In Case No. 4557, Bolden was charged with distribution of cocaine, possession with intent to distribute cocaine and possession of cocaine on June 18, 1996. At a jury trial on August 22, 1997, he was convicted of all three crimes charged. In Case No.

4558, Bolden was charged with two counts of distribution of cocaine, two counts of possession with intent to distribute cocaine and two counts of possession of cocaine on July 10, 1996. At his trial on September 11, 1997, the jury convicted him of all those charges.

On September 11, 1997, the court sentenced Bolden in both cases. The court merged the lesser included offenses and sentenced Bolden on the three counts of distribution of cocaine. Bolden was sentenced to 25 years' imprisonment in Case No. 4557 for the sale of cocaine on June 18, 1996. In Case No. 4558, involving the two sales of cocaine which took place on July 10, 1996, the court sentenced Bolden on Count I to 32 years' imprisonment, consecutive to the sentence imposed in Case No. 4557 and on Count IV to 40 years' imprisonment consecutive to the sentence imposed on Count I.[2]

Bolden appealed.[3] The Court of Special Appeals, in an unreported opinion, vacated his sentence on Count IV in Case

---

2. The maximum sentence for distribution of cocaine is 20 years' imprisonment. Maryland Code (1957, 1996 Repl.Vol.), Article 27, § 286(b). In addition, Art. 27, § 293 provides in pertinent part:
   "(a) *More severe sentence.*—Any person convicted of any offense under this subheading [which is entitled Health—Controlled Dangerous Substances and includes Sections 276 through 304 of Art. 27] is, if the offense is a second or subsequent offense, punishable by a term of imprisonment twice that otherwise authorized, by twice the fine otherwise authorized, or by both.
   (b) *Second or subsequent offense defined.*—For purposes of this section, an offense shall be considered a second or subsequent offense, if, prior to the conviction of the offense, the offender has at any time been convicted of any offense or offenses under this subheading or under any prior law of this State or any law of the United States or of any other state relating to the other controlled dangerous substances as defined in this subheading."

3. Bolden presented seven questions to the Court of Special Appeals, to wit:
   1. Was the sentence imposed in this case cruel and unusual punishment under both the Maryland Declaration of Rights and the Eighth Amendment to the United States Constitution?
   2. In Case No. 4558, should the Appellant have been convicted and sentenced under only one count of distribution?
   3. Could the Appellant be sentenced under Article 27, sec. 293, when his convictions did not qualify as "second or subsequent offenses" as that term is defined in subsection (b)?

No. 4558 for which he had received 40 years. The three judges of the intermediate appellate court panel agreed that the two sales of cocaine on July 10, 1996, were actually part of one continuing transaction so that only one punishment should be imposed for these distributions. Furthermore, over the dissent of the third judge, two of the panel's judges held that Bolden's sentences constituted cruel and unusual punishment in violation of the Eighth Amendment and Article 25 of the Maryland Declaration of Rights and vacated the other two sentences imposed.[4]

The State did not challenge the ruling vacating the 40 year sentence on Count IV in Case No. 4558, but it did petition for a writ of certiorari to review the court's decision on the constitutional issue. Bolden filed a cross-petition for certiorari. We granted both petitions. *State v. Bolden,* 352 Md. 617, 724 A.2d 20 (1999).

## II.

In *Solem v. Helm,* the Supreme Court in a 5–4 decision held that the Eighth Amendment prohibits sentences that are "grossly" or "significantly" disproportionate in length to the crime being punished. 463 U.S. at 287–88, 103 S.Ct. at 3008, 77 L.Ed.2d at 648. The Court stated that "a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences

---

4. If Article 27, sec. 293, is interpreted to permit the enhanced penalties imposed in this case, is that statute unconstitutionally vague?

5. Was the imposition of three enhanced sentences under sec. 293 at a single sentencing hearing contrary to the intent of the statute?

6. Would it be contrary to the legislative intent to permit a person convicted of distribution of CDS to receive twice the penalty otherwise authorized on the basis of prior conviction of possession of CDS?

7. Must the sentence in this case be vacated because of the absence in the record of the [notice] required by Maryland Rule 4-245?

**4.** In so ruling the court responded to the first two questions presented by Bolden. It declined to rule on the other five.

imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for the commission of the same crime in other jurisdictions." *Id.* at 292, 103 S.Ct. at 3011, 77 L.Ed.2d at 650. The Court recognized, however, that appellate courts in reviewing sentences challenged under the Eighth Amendment should grant substantial deference to the broad authority that legislatures necessarily possess in determining the limits of prison sentences for crimes and the discretion vested in sentencing courts to decide the appropriate length of any prison term imposed upon convicted criminals. *Id.* at 290, 103 S.Ct. at 3009, 77 L.Ed.2d at 649.

The Court revisited its holding in *Solem* in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). In that case the Supreme Court affirmed a judgment of a state court imposing a sentence of imprisonment for life without possibility of parole upon a person convicted of feloniously possessing 672 grams of cocaine. The Court in a plurality decision held that the sentence did not violate the Eighth Amendment. A consensus of the majority of the justices who upheld the sentence was that "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *See* Kennedy, J. concurring, 501 U.S. at 1001, 111 S.Ct. at 2705, 115 L.Ed.2d at 869. In that same concurring opinion Justice Kennedy opined that because impermissible disproportionality will rarely be found upon threshold comparison of the crime committed to the sentence imposed, a more detailed comparative analysis within and between jurisdictions will only be required when the threshold comparison suggests gross disproportionality.

Justice Kennedy's opinion is consistent with the view we took in an earlier case, *State v. Davis,* 310 Md. 611, 530 A.2d 1223 (1987). We there reasoned that "the substantive issue of whether Davis's sentence is constitutionally proportionate also involves a question of process, namely, the breadth and depth of the required proportionality review in relation to Davis's sentence and criminal record." *Id.* at 628, 530 A.2d at 1231–

32. Accordingly, we held that "based on Davis's current and ... predicate conviction [under a recidivist statute], on the seriousness of the crime, and on comparisons to other sentences adjudicated to be constitutional" an extensive proportionality review under *Solem* was not appropriate, and the sentence of life without parole was not unconstitutional. *Id.* at 631–32, 530 A.2d 1223.

In the later case of *Minor v. State*, 313 Md. 573, 546 A.2d 1028 (1988), we upheld without an extensive proportionality review a sentence of 25 years' imprisonment without parole under a habitual criminal statute where the defendant had been convicted of daytime housebreaking. We stated:

"[A]n extended *Helm* proportionality analysis is not mandatory under these facts. In light of the seriousness of Minor's past and present criminal conduct, deference due the legislature in regard to sentencing directives, and the unique function and particular requirements for enhanced punishment under § 643B(c), we hold that Minor's sentence is within constitutional limits. *Accord State v. Davis, supra.*"

*Id.* at 583–84, 546 A.2d at 1033.

We summarized our conclusions concerning the breadth and depth of the required proportionality review of a non-capital sentence challenged on Eighth Amendment grounds in *Thomas v. State*, 333 Md. 84, 95–96, 634 A.2d 1, 6 (1993), where Judge McAuliffe speaking for the Court stated:

"In considering a proportionality challenge, a reviewing court must first determine whether the sentence appears to be grossly disproportionate. In so doing, the court should look to the seriousness of the conduct involved, the seriousness of any relevant past conduct as in the recidivist cases, any articulated purpose supporting the sentence, and the importance of deferring to the legislature and to the sentencing court. *See Davis*, 310 Md. at 631–32, 530 A.2d 1223, and *Minor*, 313 Md. at 583–84, 546 A.2d 1028.

If these considerations do not lead to a suggestion of gross disproportionality, the review is at an end. If the

sentence does appear to be grossly disproportionate, the court should engage in a more detailed *Solem*-type analysis. It may conduct an intra- and inter-jurisdictional analysis as a vehicle for comparison and as a source of objective standards; it must, however, remember that under principles of federalism, a state legislature may choose to impose a more severe penalty than other states consider appropriate. In order to be unconstitutional, a punishment must be more than very harsh; it must be *grossly* disproportionate. This standard will not be easily met."

### III.

■ In considering Bolden's proportionality challenge, we must as a threshold matter determine whether the sentences appear to be grossly disproportionate. In this regard we view the consecutive sentences in question to aggregate 57 years since the 40 year sentence on Count IV of Case No. 4558 was vacated by the Court of Special Appeals, and no review has been sought of that judgment. *Cf., Ayers v. State,* 335 Md. 602, 641–42, 645 A.2d 22, 41 (1994), *cert. denied* 513 U.S. 1130, 115 S.Ct. 942, 130 L.Ed.2d 886 (1995) (question of merger should be resolved before rendering a conclusion as to whether the total sentence constituted cruel and unusual punishment).

Applying the teachings of our prior cases, we hold that the consecutive sentences imposed upon Bolden of 25 years' imprisonment for his conduct on June 18, 1996, and 32 years' imprisonment for his conduct on July 10, 1996, were not grossly disproportionate in length to the crimes being punished. Each consecutive sentence was based upon a very serious crime, the distribution of crack cocaine. The sentences were imposed upon him as a recidivist who was guilty of prior violations of our controlled dangerous substance laws.[5]

---

5. The pre-sentence report reflects that Bolden, who at the time of his sentencing was thirty-seven years of age, had the following prior convictions of provisions of the "Health–Controlled Dangerous Substances" subtitle of Art. 27 of the Md.Code:

In imposing the sentences the trial judge based his decision upon the serious threat to the community posed by dealers in crack cocaine and Bolden's escalating pattern of violations of the laws prohibiting the possession and distribution of controlled dangerous substances. The sentences imposed were within the maximum terms prescribed by the Legislature for the criminal conduct of which Bolden had been convicted. Under these circumstances an extended proportionality analysis directed by *Solem v. Helm, supra* is not required..

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT FOR CONSIDERATION OF THE OTHER QUESTIONS PRESENTED BY BOLDEN WHICH WERE NOT ANSWERED. COSTS TO ABIDE THE FINAL RESULT.*

Dissenting opinion by RAKER, J., in which BELL, C.J. and ELDRIDGE, J., join.

RAKER, Judge, dissenting:

The trial court sentenced Bolden in Case No. 4557 for the sale of cocaine to 25 years' incarceration. The court sentenced Bolden in Case No. 4558 on Count I, sale of cocaine, to 32 years' incarceration, consecutive to the 25 years in No. 4557; on Count IV in No. 4558, sale of cocaine, the court sentenced Bolden to 40 years' incarceration, consecutive to the sentence imposed in Count I. The total sentence imposed was 97 years' imprisonment, at a single sentencing hearing.

| | | |
|---|---|---|
| "10/20/84 | Unlawful Possession | 5/1/85 |
| Caroline County | (3 counts) | Suspended sentence |
| | | 1 year probation |
| 5/27/88 | 1) CDS paraphernalia | 9/19/88 |
| Caroline County | possession with intent | 1) Nolle prossed |
| | to use | 2) 24 months suspended, |
| | 2) CDS possession | 24 months probation |
| 7/15/90 | 1) CDS possession | 10/10/91 |
| Caroline County | 2) CDS Paraphernalia | 1) 1 year |
| | | 2) fined |
| 8/9/91 | 1) Distribution non- | 1/22/92 |
| Caroline County | CDS | 1) 5 years, 4 years |
| | 2) Distribution non- | suspended |
| | CDS | 2) Nolle prossed" |

The trial judge expressed the following rationale for the sentences:

COURT: ... Criminal # 4557 which was the earliest case tried on August 22nd, the minimum guideline would be twenty four (24) years so your sentences will be twenty-five (25) years to the division of corrections and that will be consecutive to any and all outstanding and unserved sentences.

\* \* \* \* \* \*

That is count number one, the distribution of cocaine. That's the flagship count there. Yes. In # 4558 because these are subsequent to the other ones, your sentence has to be greater for each of these events than it was in the proceeding one and *while there's no magic in sentencing there is some symmetry to what I'm going to do.* Thirty-two (32) years is halfway between twenty-five (25) and forty (40) roughly. So thirty-two (32) years to the division of correction. Under count number one is # 4558 is your sentence for that distribution. Yes, consecutive to any and all outstanding unserved sentences and consecutive to # 4557. Now if you haven't earned the max by this time no one ever will. So the maximum I can give under # 4558 is forty (40) years under count number four which is your final distribution count that you're subject to sentencing on. That forty (40) year sentence under count number four is consecutive also to the sentence in count number one in # 4558 and consecutive also to # 4557 as well as to all other outstanding and unserved sentences. That may well be the better part of your life. It's ninety-seven (97) years or so. That's what the public wants. If you end up serving most of it or dying in jail you've put yourself there. Better you should die in jail than other people die of cocaine on the street.

Before the Court of Special Appeals, Bolden argued that the sentence imposed in this case was cruel and unusual punishment under both the Maryland Declaration of Rights and the

Eighth Amendment to the United States Constitution. That court agreed, and held in an unreported opinion that the total sentence imposed by the trial court was " 'cruel' because it is 'grossly disproportionate when measured against the offense and relevant surrounding circumstances....' " (Quoting *Thomas v. State,* 333 Md. 84, 92, 634 A.2d 1, 5 (1993).) Accordingly, the court vacated the entire 97–year sentence and remanded the matter for a new sentencing hearing. In addition, the court vacated the conviction on Count IV in Case No. 4558 on the ground that the second distribution of drugs, some twenty minutes after the first and to the same undercover officer, was effectively a continuation of the initial offense, not warranting additional punishment. The State did not seek review in this Court on that holding; therefore this appeal addressed only the remaining 57 years. This Court reverses the Court of Special Appeals, holding that the sentences are not cruel and usual punishment.

I would affirm the judgment of the Court of Special Appeals and remand the case to the circuit court for a new sentencing proceeding, but on different grounds. I would not reach the constitutional question, but would decide the case on non-constitutional grounds. This Court has generally followed the principle that " 'we will not reach a constitutional issue when a case can properly be disposed of on a non-constitutional ground.' " *Secretary, Dep't of Public Safety & Correctional Servs. v. Henderson,* 351 Md. 438, 451, 718 A.2d 1150, 1156 (quoting *Professional Nurses v. Dimensions,* 346 Md. 132, 138, 695 A.2d 158, 161 (1997) (quoting *State v. Lancaster,* 332 Md. 385, 403–04 n. 13, 631 A.2d 453, 463 n. 13 (1993))). We should follow that principle in this case as well; as there is a valid non-constitutional ground upon which to affirm the Court of Special Appeals, there is no need for us to rule upon the constitutional issues.

I would reverse and remand this case to the trial court for a new sentencing proceeding to permit the judge to reconsider the sentences in light of the fact that the Court of Special Appeals vacated the 40 year sentence, leaving only the 25–year and 32–year sentences. The sentencing judge made it

crystal clear that "while there is no magic in sentencing, there is some symmetry to what I am going to do. Thirty-two (32) years is halfway between twenty-five (25) and forty (40) roughly. So thirty-two (32) years is to the division of correction." As quoted above, the judge then explained his thinking in imposing the remaining sentence. Without the forty years, the trial court may conclude that the symmetry he sought to achieve was destroyed.

Chief Judge BELL and Judge ELDRIDGE have authorized me to state that they join in the views expressed herein.